FOR THE DISTRICT OF DELAWARE

DEVEARL L. BACON )
  Petitioner, )
  )
  V. )      Civ. Act. NO. 06-519-JJF
  )      Evidentiary Hearing Requested
THOMAS CARROLL, WARDEN, )
Etc, )
  Respondents. )
  )
  )

REPLY TO STATE'S ANSWER



FILED

FEB 2 0 2007

KG   U.S. DISTRICT COURT
     DISTRICT OF DELAWARE

DEVEARL L. BACON
#221242
D.C.
1181 Paddock Road
Smyrna, Del. 19977

Date: February 14, 2007

* This Reply Was Handed And
   Mailed Feb. 14, 2007

Petitioner has met the Standards Set in:

① 28 USC. § 2254 (d)(1)-(2), (E)(2)(i)-(iii)
And (2)(B);

② 28 USC. § 2244 (d)(1)(A)(B)(c) And (A)(2).

(SEE Openning MEMORANDUM (JURISDICTION)
pgs. 1-16).

## STATUTORY TOLLING

I. On February 13, 2003 Petitioner Filed For "Expedited For A Stay The One-Year Deadlines" Imposed By Federal Habeas Corpus Act (See Appedix To Openning MEMORANDUM, Appendix A, 1-8). Petitioner Asserted in Expedited Motion:

"   <u>Defendant's Motion For Copies of His Tril Transcripts From</u>
"   <u>The Public Defenders Office (For Post-Conviction Relief)</u>
"   <u>And, Motion To Stay The One-Year Deadlines Imposed By</u>
"   <u>THE FEDERAL HABEAS CORPUS ACT BECAUSE OF THE STATE</u>
"   <u>PUBLIC DEFENDERS ACTIONS OR OMMISSIONS IN FAILING</u>
"   <u>To Provide Defendant's Transcripts To Acc Legal</u>
"   <u>Services Administrator Mike Little For Photo Copying</u>
"   <u>After Two Attempts Via Notarized Form To Do So.</u>

In Stay Of One Year Motion page 2 paragh. 3 And 4 Petitioner Asserted (Appen. To Memo. A, 4-5):

"  (3) The Trial Transcripts Are Necessary for Defendant to
"      proceed with his Post-Conviction Remedies which Are
"      guaranteed by both Delaware And US Constitutions.

"  (4) The Federal Habeas Corpus Act has imposed A <u>One</u>

" year deadline on those issues filed in the State
" Appeals Court. Defendant has a right to gain a
" meaningful review of all proceedings leading to
" judgement of conviction GRIFFIN V. Illinois, 351 US
" 12 (1956) as well as an " open an inquiry into the
" fairness " of those proceedings. CARTER V. Illinois,
" 329 US 173, 175 (1946); See CURRAN V. Wolley, Del. Supr.
" 104 A·2d 177, 179 (1962), (Applying CARTER) : JONES V.
" ANDERSON, Del. Supr. 183 A. 2d 177, 179 (1962) (Applying CURRAN)
" Defendant's Direct Appeal was Affirmed on : July 1, 2002
" (Attached Exhibit B), See Appen. To Memo. A, 9-11.

Petitioner's limitation under 2244 (d)(1)(A) was Stayed at Delaware
Superior Court Level. "This Stay Claim" was not "Contested" by State
Court (see Appen. To Memo. A, 14) nor The State. This Stay Claim is clearly
"Foreclosed" from further State Court Review and is Exhausted at
Superior Court, and further State Review was clearly Foreclosed
Thomas V. Carroll, 2004 WL 758344 *3.

(*)
II. Petitioner filed State Post-Conviction September 24, 2004, and
filed petition for Habeas Corpus August 17, 2006. Petitioner's STAY of
HABEAS CORPUS Allows 2244 (d)(1) and (2) standards to be met with
EXPEDITED ONE-YEAR "DEADLINE" NOT "DENIED".

    " Petitioner's Assertions are Unique and an Exception from any
other case."

EQUITABLE TOLLING

    Due to Trial Counsel's (Mr. Edmund M. Hillis, Jr, Del Public
Defender) Misleading Advice, Lack of Advice, Failure To Disclose,
(* See Appen. To Memo. C, 1-194.)           2.

And Egregious Misconduct, constituted an Extraordinary Circumstances warranting Equitable Tolling of AEDPA's limitations 28 USCA-§ 2244 (d)(1)(B)(C) And (D)(2).

Trial Counsel gave False and Misleading Advice, See Appen. A, 43-44 (Exhibit to 1983 Civil Suit) Trial Counsel States:

"... That transcript will take some to delivered to
" me. I cannot make copies of that (Trial) transcript
" Available to you at this time because I will need
" them to produce the brief.

" .... I (Appen. A, 44) will keep you notified of progress
" in this matter.

" ... Should you have any further questions, please do
" not hesitate to contact me.

Petitioner had well establish contact with Trial Counsel (Appen. A, 43-49), After Trial Transcripts where transcribed contact with Counsel weaken (Appen. A, 50-54 T.T. Transcribed Sep., Oct "01", Hillis Opening Brief Filed January 18, 2002).

On January 12, 2002 Petitioner Asked Trial Counsel for T.T. And stated "...All is Needed for ladder dates". (Appen. A, 53).

On April 8, 2002 An Oral Argument was Scheduled.

In the Month of June 2002 Petitioner Asked Supreme Court Clerk to help recieve T.T. (Appen. A, 59).

On about the 1st week of August 2002 Petitioner Recieved

. Notice that the Supreme Court of Delaware Affirmed the Direct Appeal, from Edmund M. Hillis. (Appen. A, 61-65).

On August 19, 2002 Petitioner Wrote Trial Counsel for copy of T.T. (Appen. A, 60) Petitioner used "Due Deligence" through Agencies, Family, And Girl Friend (Appen. A, 12), (see Comments Appen A, 60), to Recieve copy of T.T.

In the month of September 2002 Petitioner Wrote O.D.C.'s (Office of Disciplinary Counsel) to see if they could help Petitioner Recieve T.T., And Filed Through "Guardian Policy" of D.C.C.'s (Smyrna) Legal Administrator's Mike Little (Appen A, 7, copy of Form).

On September 26, 2002 Ms. Mary Susan Much (of ODC) in Appen. To Memo. A, 76-77 States:

"... Your claim is that your Attorney has failed to Respond
" to your numerous Requests for transcripts And other
" documents necessary for your Application for post-
" conviction Relief."

" (Appen. A, 77) Therefore, by Copy of this letter with
" your complaint to Mr. Hillis, as well as to his supervisor,
" Angelo Falasca, Esquire, I am Asking that they promphty
" evaluate Your complaint and take Any Action they deem
" Appropriate, including providing you with copies of Any
" documents to which you are entitled."

4.

. Petitioner filed for T.T. through Guardian (or Custodian) long standing policy with Public Defender's Office / Court Appointed (Attorney's), in September 2002, November 2002, and February 2003 (Appen. A, 7 (copy of form)) with no response from Edmund M. Hillis.

On January 30, 2003 Petitioner wrote Hon. Judge Dupont Ridgley Appen. A, 87-88 with no feedback, Petitioner wrote Del. Supr. Ct. Clerk (Appen. 89-91) and got no response.

On February 13, 2003 Petitioner filed a Motion for Expedited Habeas, Motion to recieve Copy of Trial Transcripts (Appen. A, 3-11) and on April 5, 2003 Petitioner recieved Trial Transcripts (Superior Court's Hon. Judge Susan C. Delfesco Denied "EXTENION OF TIME WITHIN WHICH TO FILE A RULE 61 POST-CONVICTION (Not Habeas Expedition)) Appen. A, 14.

On About 4th week of April 2003 Petitioner recieved letter from Ms. Mary Susan Much (O.S.C.) that states (Appen. A, 98):
    " I have been advised by Edmund M. Hillis, Esquire,
    " that a copy of your transcripts have been forward
    " to you."
Trial Counsel "AWARE" of Ms. Mary Susan Much from the Document Ms. Much forwarded to Trial Counsel dated "September 26, 2002" (asking Counsel to "promptly evaluate [Petitioner's] Complaint". -- Appen A, 77).

This is a showing of Edmund M. Hillis Failure to Advie, Disclose or Inform Petitioner on Recieving Trial Transcripts

within Reasonable Scope of His Professional Duties.

Trial Counsel's Failed To Disclose information to petitioner on seeking Trial Transcripts for "Pro-Se Appellant Review" and Remedies even after using Long Standing Guardian (Custodian) System. In Motion for Stay of Habeas Corpus / Motion to Recieve A Copy of Trial Transcripts (Appen. A, 3-11) the petitioner asserted: (Appen. A, 4 parragh-i, 2, 3, 4, and 5)

"(i) Defendant is indigent and can not afford the cost of
" either transcripts or photocoping. The Office of the Public
" Defender found Defendant to be indigent at trial level, and
" Delaware Supreme Court also found Defendant indigent during
" his direct Appeal filed by the Public Defenders Office.
" Defendant has been incarcerated since his arrest and has no
" way to make any money. If there is any doubt to his indigency
" it must be made a matter of record so the determination by this
" Court is reviewable, as such a hearing is necessary. Stacey V.
" State Del. Supr. 358 A. 2d 380. "

" (2) The Delaware Correctional Center has had a long-standing
" Agreement (for decades) that the Public Defender's Office sends
" the prisoners trancripts to the Legal Administration of the
" D.O.C. and the transcripts are copied by the Legal Administrator
" (after Direct Appeal has been Ruled upon) and then, the transcripts
" are sent back to the Public Defenders Office.

" (3) The trial transcripts are necessary for defendant to proceed
" with his Post-Conviction Remedies which are guaranteed by both
" Delaware and U.S. Constitutions."

" (4) The Federal Habeas Corpus Act has imposed A One-Year
" deadline on those issues filed in the State Appeals Court.
" Defendant has A right to gain a meaningful Review of All proceedings
" leading to judgement of conviction Griffin V. Illinois, 351 US 12
" (1956) As well As an 'open an inquiry into the intrinsic fairness of
" those proceedings'. Carter V. Illinois, 329 US 173, 175 (1946) See
" Curran V. Wolley, Del. Supr. 104 A.2d 177, 179 (1962) (Applying Carter);
" Jones V. Anderson, Del. Supr. 183 A.2d 177, 179 (1962) (Applying Curran).
" Defendant's Direct Appeal was Affirmed on July 1, 2002. (Attached
" Exhibit B).

" (5) Defendant has Asked the Public Defender's Office by filing
" A Notorized form (Attached Exhibit A (Appen. A, 7)) on two Separate
" Occassions. One was sent in September 2002 And Another November
" 2002. Defendant is being denied the evidence he needs to
" pursue his post-conviction Remedies And Relief. The Public
" Defender's is Aware of the policy to furnish a copy of transcripts
" to inmates by sending the transcripts to the D.C.C. Legal
" Administrator who makes a copy And the[n] Returns the original
" transcripts to the Public Defender's Office."

Petitioner should have Recieved Trial Transcripts Around About the
time He Recieued "Notice of Affirmed Direct Appeal" from "Trial
Counsel" (Appen. A, 61-65). Petitioner "had (and has) A Right to gain
meaningful Review of All proceedings leading to judgement of
Conviction" Griffin V. Illinois, 351 US 12 (1956), "As well As an
open an inquiry into the intrinsic fairness of those proceedings"
Carter V. Illinois, 329 US 173, 175 (1946).

Trial Counsel never forward copies of Trial Transcripts After
Petitioner Asserted "Due Deligence" to Recieve them. Trial

7.

Counsel violated Petitioner's 6th and 14th US Const. Amend. Rights, because of Petitioner being Poor.

" Trial Counsel was well informed" by Petitioner's Due Deligence that Petitioner was trying to meet "imposed One-Year" deadline of Federal Habeas Corpus and Post-Conviction Remedies. Because of Trial Counsel's "Failure to Act in the Scope of Reasonable Professional Duties" caused a "Domino Effect" because petitioner had a well Reasonable Probability to File Habeas Corpus and Post-Conviction Remedies before the July 1, 2003 One-Year deadline was up After Affirmed Direct Appeal (July 1, 2002 . (With the **Added** information provided by the State's Answer To Petitioner's Memorandum, the State At pg. 4 asserted : " holding that on direct Review, the limitation period of §2244 (d)(1)(A) begins to run at the expiration of the time for seeking Review in the United States Supreme Court .... At*5 (Answer) Line 7, The limitations period began to run on Oct 1, 2002, and the period expired on October 1, 2003.")

With less than 90 daies of July 1, 2003 (Recieved Trial Transcripts April 5, 2003) deadline, the Delaware Superior Court Never denied " Petitioner's Expedited For Stay of The One-Year Deadline Imposed by Federal Habeas Corpus Act. Petitioner "has A Right" to File Post-Conviction and Habeas Petition At Each Filing Dates. The State nor State Court has Contested This Fact. Trial Counsel's Failure's, Erroneous Failure To Adviced and Disclose, took a " Domino Effect". Without Trial Transcripts Petitioner Filed For A "Stay of Habeas Corpus", had it Not been For Counsel's

Unreasonable Failure's, Petitioner's "Probability of Filing" for a Stay of Habeas Corpus outcome would have been different.

Petitioner would have filed Habeas Corpus and Post-Conviction Remedies within the October 1, 2003 had it not been for Trial Counsel's Failure to Advice and Failure to Disclose or Inform Petitioner of Information regarding Trial Transcripts. Counsel's Failure to Disclose this material was Acting Outside the Scope of His Professional Duties, And if Petitioner would have been given "Fair Review of Trial Transcripts" there is a Great Probability the Outcome of Petitioner Arguing AEDPA's (Antiterrorism And Effective Death Penalty Act) deadlines and standards would have been different then it is now."

The Petitioner has Suffered because of Trial Counsel Erroneous Actions. The prejudice's Petitioner Suffered And Has Demonstrated is a Violation of The 6th And 14th US Const. Amendments.

## EXTROSINARY CIRCUMSTANCES

① Petitioner Filed For "EXPEDITED MOTION" To Stay Of Habeas Corpus One-Year Deadlines, on February 13, 2003. This Stay of Habeas Corpus Deadline was Not "Contested Nor Denied".

② Trial Counsel's Failure To Disclose And Give Reasonable Advice from time Span of June 26, 2001 — April 4, 2003 was Erroneous. Petitioner Demonstrated Prejudice's which He Suffered And Demonstrated that there is Reasonable Probability that, but for Counsel's Unprofessional Errors, Results of Proceedings would

have been different; Reasonable Probability is Probability Sufficient to undermine confidence in Outcome. USCA Const.- Amend 6.

③ Petitioner filed Civil Rights 42 USC 1983 Suit (CA. No. 04-841-JJF) on July 1, 2004 Against Edmund M. Hillis And Angelo Falasca Regarding Trial Counsel's Failures to Disclose Trial Transcripts. This Suit is A "Demonstration of Due Deligence."

④ Petitioner Filed State Post-Conviction September 24, 2004.

⑤ Petitioner Filed Petition For Habeas Corpus August 17, 2006.

Given these Facts Petitioner Establishes Himself to be A Exception. Petitioner Request A Evidentiary Hearing on these Claims Which caused Petitioner An Actual Prejudice. Petitioner Needs A Full And Fair Opportunity to develop these facts which were not granted in State Court Earp v. Ornoski, 431 F.3d 1158.

REPLY TO STATE'S ANSWER

State's Answer To Ground One : "Bacon can not Establish Prejudice" * At pg. 8

Reply :

Charges that require discloser of A defendant's prior criminal Record Such As P&WPP or Escape After Convictions Require separate trials because of "Inherent Prejudice". This was A prejudicial joinder And it is well-Established procedure to have separate trials Regarding these Offenses.

It was settled long before Bacon's trial in 2001 that under Delaware Law + Rules :

the presence of two charges in the indictment which create issues of particular prejudice [] Escape After Conviction And [] Possession of a deadly weapon by a person Prohibited Evidence presented to support these charges conveys to jury the defendant's prior criminal record And status As A prisoner. Neither of these charges has a "direct Relationship" to the other offenses And can be proven with reference to the remaining offenses. State V. McKay, 382 A.2d 260 At 262-63 (Del. Super. 1978); See DRE. 607 And 609 (a)" impeachment by evidence of conviction of a crime.

Petitioner was unaware that Trial counsel entered into a "Stipulated Agreement", for Him, with the State Regarding defendant's prior criminal "status" to be brought in front of His jury. This stipulation undermined defendant's case. Defense Acted without defendant's "Knowledge" in waiving defendant's Rights to a separate trial on the PBWPP Counts. In Appendix pg. A, 17 (Appen. To Opening Memo.) Court Docket # D.I. 18 Petitioner on 5-1-01 filed :

"defendant's letter filed Requesting a copy of this letter
"be Sent to His Public defender (Edmund M. Hillis) And Asking
"Him to file a 'Motion to Sever' + Put It In Court docket."

Petitioner requested Trial counsel to Sever the case And asserted in letter "We need some type of Relief". This was a Reversible Error committed by Trial Court And defense counsel for not Objecting when the Trial Court permitted the Joinder of the (3) counts of PBWPP counts to the other 15 counts.

This stipulation allows "speculation" by the jury As to what "evidence that the defendant was a person prohibited by law from

11.

owning a firearm, and the jury instructions concerning the "elements" of these charges further emphasis this "status" Particulary, prejudicial because a limiting jury instruction was not given regarding this prior crimes evidence, failure to object to lack of jury instructions and severance fell beneath objective standard of reasonable professional assistance.

This is a clear violation of defendant's Due Process Rights as guaranteed under the 6th and 14th Amendments of the US Const. Trial Counsel was Ineffective for failure to move for severance before trial, Object at Trial, and Identify Issue or Raise on Direct Appeal.

## GROUND TWO

State Answer To Ground Two: "Because any defen Motion to sever the offenses would have been denied, Counsel was not professionally unreasonable in deciding not to pursue a frivolous Motion." At*10

### REPLY:

A Reversible Error was committed by Trial Court And Defense Counsel for not Objecting in allowing the State to present a joint trial containing eighteen counts stemming from Four Separate Locations.

The State does not provide any Legal Authority Explaining Rule 8 (a)'s Four requirements elements. The State does not explain or provide any Legal Authority defining what "actual circumstances" provide the Relevant evidence to Constitute parts of "a common (C) Scheme or plan." This is explained in Drew V. US, 331 F. 2d 85 At*90 citing Pointer V. US, 151 US 396

(12)

(1894) And McElroy V. US, 164 US 76 At 79-80 (1896); And
O'Conner V. State, 577 A.2d 754 (1990) where Delaware State Court
describes the "Common Scheme" Exception.

All eighteen counts levied Against Defendant were joined in
A joint trial. Defendant was Inevitably Prejudiced And this
prevented Him Recieving A fair Trial. The danger Arising from
the Cumulative Effect of the Evidence of the Other charges on
the minds of the jurors was too great.

The Cumulative Effect of Star Liquors Charges Concerning
the first incident And car jacking, the Evidence used for the three
P&WPP's must have had A dramatic influence upon defendant's
guilt or innocence of both 7-Eleven And the Star Liquors incidents.

The cumulations of the Separate incidents violated Defendant's
6th And 14th Amendments of the US Constitution. Trial Counsel was
Ineffective for Failure to move for Severance (even After Request
from Defendant to do so, Appen. A, 17 $\Delta.I.$ #18) of these charges,
failing to Object At Trial, Failure to Identify And Raise these Claims
on direct Appeal. Trial Counsel's Failure to Object And File for
Severance fell beneath Objective Standard of Reasonable
Professional Assistance.

GROUND THREE

State Answer To Ground Three: "Consequently, the Court found
Bacon could not establish prejudice from the Admission of the
statement Regarding the Plummer Center." At #10

/3.

REPLY:

Defense Counsel was Ineffective when he failed to (Od) Object to State's introduction of evidence of prior bad acts in violation of D.R.E. 401 through 404 (a) and (b). This evidence was introduced without <u>DeShields v. State</u>, Del. Supr. 706 A. 2d 502 (1998) analysis to determine Relevance, to balance to prejudicial effects.

Counsel could have prevented this highly prejudicial testimonial Evidence from being disclosed to the jury simply by filing a motion in limine to exclude sepcific evidence on testimony, or motion for pre-trial order prohibiting the State examining state's witness concering Defendant's "Release" from Plummer Center. Although some type Oral Agreement may have been conceived between Counsel and State, the State certainly did not honor it.

This evidence caused Irreparable Injury and Prejudiced Defendant's case particularly when Defendant purposely choose not to take the witness stand to keep any prior bad acts, crimes or prior incarceration from the jury. Trial Counsel's Failure to keep the prejudicial testimony from being disclosed fell beneath Objective standard of Reasonable Professional Assistance. This Violated Defendant's Due Process Right guaranteed under the 6th and the 14th Amendment of the US Constitution.

GROUND FOUR :

State's Answer To Ground Four : "Here, there were No Out-of-Court identifaction procedures, suggestive or otherwise. At #11

14.

REPLY :

In Reviewing every case in Delaware Legal Digest on this Issue ; Not One Case supports a circumstance of " In - Court - Identification, without as an element the witness identifying the Suspect " before trial ", where a witness could not identify the suspect at time of the crime, and then later post-crime where a witness then claims to have seen the suspect and makes an identification ; as in this instant case scenario.

The State Star witness, Dawn Smith's in-court identification Irreparably prejudiced the Defendant under all circumstances. There " was no independent origin " for an in-court Identification. Dawn Smith's in-court identification of Defendant Violated this Due Process Right's under the 14th Amendment of the US Constitution.

Trial Counsel Failure to Object to this In-Court Identification at Trial and Raise this Issue On Direct Appeal fell Beneath Objective Standard of Reasonable Professional Assistance. This is Ineffective Assistance of Counsel, in Violation of the 6th Amendment of the US Constitution.

GROUND FIVE :

State's Answer : " There is simply No basis for the Allegation of ineffective Assistance of counsel." At * 12

REPLY :

The Issue of Trial Counsel's deficient performance of this Failure to Argue the " Prejudicial Effect" of the Amendment which is where the Arguement Counsel Failed to develop, which Delaware Supreme Court pointed out : " Since the Amendment

(5)

Case 1:06-cv-00519-JJF   Document 25   Filed 02/20/2007   Page 17 of 22

" WAS PERMISSIBLE AS BEING ONE OF FORM ONLY, AND SINCE BACON
" MAKES NO CLAIM OF PREJUDICE, the TRIAL COURT'S DECISION GRANTING
" the MOTION to AMEND MUST BE UPHELD." BACON V. STATE, 801 A.2d
" 10 AT #1.

The RECORD REFLECTS that the PROPOSED AMENDMENT DID NOT
MEAN to CHANGE the OFFENSE. COUNSEL'S RELIANCE ON JOHNSON V. STATE,
711 A.2d 18 (1998), A CASE CITE that CONTAINS A DETAILED ANALYSIS
OF the PREJUDICIAL ASPECTS OF the AMENDMENT IN THAT CASE, HENCE the
REASON FOR the PROHIBITION OF AMENDMENTS that GO to SUBSTANCE OR the
ELEMENTS OF AN OFFENSE. COUNSEL'S LACK OF UNDERSTANDING OF this
CRUCIAL ISSUE PRESUMABLY FROM HIS LACK OF RESEARCH OF THAT CASE IS
EVIDENT IN HIS ORAL ARGUMENT BEFORE THE DELAWARE SUPERIOR COURT;
SEE APPEN. TO MEMO. C, 138.

Counsel dose NOT point out the prejudice AS SIGNIFICANT.
DEFENDANT SUFFERED "PREJUDICE" BECAUSE HE WAS PRECLUDED FROM PURSUING
HIS "ORIGINAL DEFENSE" STRATEGY; "that OF the 7-11 ROBBERY, AND HE WAS
ASSERTED STANDING NEAR the CAR ON 17th STREET, WHICH ACCORDING to
DISCOVERY EVIDENCE WAS NOT the SAME CAR, BECAUSE AT the 17th STREET
CAR WAS DEEMED that OF the STAR LIQUORS ROBBERY, WHILE A DIFFERENT
CAR ALLEGED to HAVE BEEN JACKED AT 7-11 FROM CONKEY", these ARE
the ESSENTIAL FACTS REGARDING the AMENDMENT ISSUE. ESSENTIAL
FACTS ARE those that WILL CLEARLY INFORM the DEFENDANT OF the PRECISE
CHARGE SO HE MAY PREPARE HIS DEFENSE.

TRIAL COUNSEL'S FAILURE to RAISE this ISSUE FELL BENEATH
OBJECTIVE STANDARD OF REASONABLE PROFESSIONAL ASSISTANCE. This
INEFFECTIVE ASSISTANCE FOR FAILURE to RAISE this ISSUE ON DIRECT

16.

Appeal. The Defendant was Not "fully informed" of the nature of the charges as guaranteed by Art. 1 Sec. 7 of Del. Const. And the 6th Amendment of the US Constitution.

GROUND SIX :

State's Answer : " The State Court found that there was nothing in the record to support Defendant's assertion that a statement was videotaped or that the prosecution failed to provide such a tape to the defense". At # 12

REPLY :

The State's failure to disclose the videotape made of Defendant's police station statement is a violation of Superior Court Crim. Rule 16 (A) (d), And 14th Amendment of the US Constitution Due process, especially when Defendant made a discovery request. Trial Counsel was Ineffective for Failure to Identify this Issue And raise on Direct Appeal, this violated Defendant's 6th Amendment to the US Const.

The State in their October 30, 2000 Response to Defendant's Rule 16 discovery request, did indeed state :

   " ..... See enclosed. Your Client gave a statement which was video taped And will be made available to you." (See Appen. C pg 129-130).

This was the State's Response to Defendant's first request regarding any statements either written or oral made by Defendant that are in possession And control of the State or their agents.

Trial Counsel's Recollection Reviewing the "issue" of videotaped is inconsistent with the State's Answer to the Court. The Suppression by the Prosecution of evidence favorable to the Defendant when requested violates Due Process, where the Evidence is material either to guilt or punishment irrespective of the good faith or bad faith of the Prosecution, Brady v. Maryland, 375 US 83 (1963).

Counsel's Performance was professionally deficient in Failing to Request Dewberry instruction concerning the loss of favorable evidence to the Defense. A detailed Factual Record is required at Evidentiary Stage, particularly when a Summary Judgement may result.

Trial Counsel's Failure to Identify this Issue and Raise it on Direct Appeal fell beneath Objective Standard of Reasonable Professional Assistance.

GROUNDS ONE THROUGH SIX: Petitioner asserts that Trial Counsel Fell Beneath Objective Standard. For Each Issue "Individually" Petitioner Asserts: "Resulted (Each) in Prejudice's to Petitioner Sufficient to Undermine Confidence in outcome of His Trial

CONCLUSION

Petitioner has Demonstrated Prejudice Suffered at Pre-Trial, Trial, and Through Appellant Review, there is Reasonable

18.

· Probability that, but for Counsel's Unprofessional Errors, the Result of All proceedings would have been different sufficient to undermine Confidence in outcome of these Proceedings. USCA Const. Amend. 6.

The Sixth Amendment, Applicable to the States through the Due Process Clause of the Fourteenth Amendment, guarantees Criminal defendant's the Reasonable Effective Assistance of Counsel. To borrow from Civil Doctrine, the Defendant had "Clean hands." Defendant did not have the Benefit of A Fair Trial.

Petitioner Request A Evidentiary Hearing On Each Claim which caused Petitioner AN Actual Prejudice. Petitioner Needs A Full And Fair Opportunity to develop these Facts which were not granted in State Court. EARP V. ORNOSKI, 431 F.3d 1158.

WHEREFORE, Petitioner prays This Court consider Each Issue first Individually, then each ground As A Whole And then, All grounds together. Petitioner Respectfully Requests that this Court Orders The WARDEN of D.C.C. to Release Petitioner From Prison And or Reverse this case And make A determination as to where to proceed from there.

Elizabeth Roberts Mc Farlan
Deputy Attorney General
820 N. French St.
Wilmington, Del. 19801

Date: February 14, 2007

Respectfully Submitted

Deveard L. Bacon #221242
D.C.C.
Smyrna, Del. 19977
i

## Certificate of Service

I, _DEVEARL L. BACON_, hereby certify that I have served a true

and correct cop(ies) of the attached: _Reply To State's Answer_

_____ upon the following

parties/person (s):

TO: _Elizabeth R. McFarlan_        TO: _____
_Deputy Attorney General_          _____
_820 N. French St._                _____
_Wilmington, Del._                 _____
_19801_                            _____


TO: _____               TO: _____

_____                   _____

_____                   _____

_____                   _____

_____                   _____


**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE
19977.

On this _14_ day of _February_ _____, 2007

I/M: _Severel L. Bacon_

SBI# _291242_ UNIT _21-A-L-3_

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

Clerk of Court

U.S. District Court

844 N. King St., Lockbox 18

Wilmington, Del.  19801

( Legal Mail )