IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DEVEARL L. BACON,                    :
                                     :
          Petitioner,                :
                                     :
v.                                   :    Civil Action No. 06-519-JJF
                                     :
THOMAS CARROLL, Warden, and          :
JOSEPH R. BIDEN, III,                :
Attorney General of the State        :
of Delaware,                         :
                                     :
          Respondents.[1]            :

---

Devearl L. Bacon.  Pro Se Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware
Department of Justice, Wilmington, Delaware.  Counsel for
Respondents.

---

**MEMORANDUM OPINION**

September  17  , 2007
Wilmington, Delaware

---

[1]Attorney General Joseph R. Biden, III assumed office in
January, 2007, replacing former Attorney General Carl C. Danberg,
an original party to this case.  See Fed. R. Civ. P. 25(d)(1).

Farnan, District Judge

Pending before the Court is an Application For A Writ Of
Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by
Petitioner Devearl L. Bacon ("Petitioner"). (D.I. 2.) For the
reasons discussed, the Court concludes that the Petition is time-
barred by the one-year period of limitations prescribed in 28
U.S.C. § 2244(d)(1).

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was indicted for numerous crimes stemming from
three robberies (one seven-eleven store, a liquor store, and an
automobile) and one attempted robbery of a liquor store. The
State nolle prossed the charges related to one of the robberies.
After a three day trial in June 2001, a Delaware Superior Court
jury returned guilty verdicts on the charges related to the two
remaining robberies, and verdicts of not guilty on the charges
related to the attempted robbery. Petitioner was convicted of
fourteen offenses, including five counts of first degree robbery,
two counts of possession of a firearm during the commission of a
felony, one count of first degree carjacking, two counts of
possession of a deadly weapon by a person prohibited, two counts
of aggravated menacing, and two counts of wearing a disguise
during the commission of a felony. See State v. Bacon, 2005 WL
2303810,at *1 (Del. Super. Ct. Aug. 29, 2005). The Superior
Court sentenced Petitioner to thirty-four years of imprisonment

1

followed by twelve years of probation.  Id.  The Delaware Supreme
Court affirmed Petitioner's convictions and sentences on direct
appeal.  Bacon v. State, 2002 WL 1472287 (Del. July 1, 2002).

    In September 2004, Petitioner filed a motion for post-
conviction relief pursuant to Delaware Superior Court Criminal
Rule 61 ("Rule 61 motion"), alleging six claims of ineffective
assistance of counsel.  The Superior Court denied the motion in
August 2005, and the Delaware Supreme Court affirmed that
decision in June 2006.  Bacon, 2005 WL 2303810;  Bacon v. State,
2006 WL 1725589(Del. June 21, 2006).

    In August 2006, Petitioner filed an application for federal
habeas relief asserting six grounds for relief: (1) the trial
court erred by permitting the joinder of three counts of
possession of a deadly weapon by a person prohibited, and defense
counsel was ineffective for failing to move for severance, to
object to the joinder at trial, or to raise the issue on direct
appeal; (2) the trial court erred by allowing charges relating to
four separate locations to be tried together, and defense counsel
was ineffective for failing to move for severance of the charges,
to object to the joinder at trial, or to raise the issue on
direct appeal; (3) defense counsel provided ineffective
assistance by failing to object to the admission of prior bad
acts evidence; (4) the in-court identification of Petitioner by
one of the liquor store clerks violated Petitioner's right to a

2

fair trial because there was no independent origin for the
identification, and defense counsel was ineffective for failing
to raise the issue on direct appeal; (5) counsel provided
ineffective assistance by failing to object to an amendment to
the indictment before trial; and (6) the prosecutor failed to
disclose the videotape of Petitioner's statement to the police,
and defense counsel failed to raise this issue at trial on or on
direct appeal.  (D.I. 3.)  Respondents filed an Answer asserting
that the Court should dismiss the Petition as untimely or,
alternatively, because the claims fail to warrant relief under §
2254(d)(1).  (D.I. 17.)  Petitioner filed a Reply to the Answer,
arguing that the Petition is not time-barred because he believed
the Superior Court stayed the federal one-year limitations period
in February 2003.  (D.I. 25.)

## II.  DISCUSSION

### A.  One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA") was signed into law by the President on April 23, 1996,
and habeas petitions filed in federal courts after this date must
comply with the AEDPA's requirements.  See generally Lindh v.
Murphy, 521 U.S. 320, 336 (1997).  The AEDPA prescribes a one-
year period of limitations for the filing of habeas petitions by
state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time

3

for seeking such review;

(B) the date on which the impediment to filing an
application created by State action in violation of the
Constitution or laws of the United States is removed, if the
applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has
been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the
exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petition is subject to the one-year limitations period

contained in § 2244(d)(1).  See Lindh, 521 U.S. at 336.

Petitioner does not allege, nor can the Court discern, any facts

triggering the application of § 2244(d)(1)(B), (C), or (D).

Accordingly, the one-year period of limitations began to run when

Petitioner's conviction became final under § 2244(d)(1)(A).

In the instant case, the Delaware Supreme Court affirmed

Petitioner's conviction and sentence on July 1, 2002, and

Petitioner did not file a petition for a writ of certiorari in

the United States Supreme Court.  Consequently, Petitioner's

conviction became final for the purposes of § 2244(d)(1) on

September 30, 2002,[2] and he had until September 30, 2003 to file

_____

The ninety-day period to file a petition for a writ of
certiorari actually expired on September 29, 2002, but because
that day was a Sunday, Petitioner had until Monday, September 30,
2002, to file a petition for a writ of certiorari.  See Sup. Ct.
R. 30(1).

a timely habeas petition.  See Kapral v. United States, 166 F.3d
565, 575, 578 (3d Cir. 1999);  Wilson v. Beard, 426 F.3d 653 (3d
Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and
(e) applies to federal habeas petitions).  Petitioner, however,
did not file the Petition until August 16, 2006,[3] approximately
three years after the AEDPA's statute of limitations expired in
2003.  Thus, the Petition is time-barred, unless the limitations
period can be statutorily or equitably tolled.  See Jones v.
Morton, 195 F.3d 153, 158 (3d Cir. 1999).  The Court will discuss
each doctrine in turn.

   B. **Statutory Tolling**

   Statutory tolling of the one-year limitations period is
authorized by Section 2244(d)(2) of the AEDPA, which provides:

> The time during which a properly filed application for State
> post-conviction or other collateral review with respect to
> the pertinent judgment or claim is pending should not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d)(2).  In this case, the Court concludes that
the statutory tolling principles are inapplicable.  Petitioner's

_____

[3]A prisoner's pro se habeas petition is deemed filed on the
date he delivers it to prison officials for mailing to the
district court.  See Longenette v. Krusing, 322 F.3d 758, 761 (3d
Cir. 2003)(the date on which a prisoner transmitted documents to
prison authorities is to be considered the actual filing date);
Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).  The Court
adopts the date on the Petition, August 16, 2006, as the filing
date, because presumably, Petitioner could not have presented the
Petition to prison officials for mailing any earlier than that
date.  See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del.
2002).

Rule 61 motion, filed on September 17, 2004, does not toll the limitations period because it was filed more than a year after the expiration of AEDPA's limitations period.  See Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period).  Additionally, contrary to Petitioner's argument, the combined motion for transcripts and for a stay of the AEDPA's one-year limitations period that he filed in the Superior Court on February 23, 2003 does not toll the limitations period under § 2244(d)(2) because the motion did not challenge the lawfulness of Petitioner's conviction or sentence.  Hartmann v. Carroll, - F.3d. -, 2007 WL 1967172, (3d Cir. July 9, 2007).  Therefore, unless the doctrine of equitable tolling applies, the Petition is time-barred.

### C. Equitable Tolling

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159 (3d Cir. 1999).  In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is

6

insufficient.  <u>Miller v. New Jersey Dept. of Corrs.</u>, 145 F.3d
616, 618-19 (3d Cir. 1998);  <u>Schlueter v. Varner</u>, 384 F.3d 69, 77
(3d Cir. 2004).  Consistent with these principles, the Third
Circuit has specifically limited equitable tolling of AEDPA's
limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the
> plaintiff;
> (2) where the plaintiff was in some extraordinary way
> prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights
> mistakenly in the wrong forum.

<u>Jones</u>, 195 F.3d at 159; <u>see also</u> <u>Brinson v. Vaughn</u>, 398 F.3d 225,
231 (3d Cir. 2005)(equitable tolling is appropriate where the
court misleads petitioner about steps necessary to preserve
habeas claim).

     In this case, Petitioner appears to argue that trial counsel
impeded his ability to obtain trial transcripts, which, in turn,
prevented him from filing the Petition in a timely manner.
Alternatively, Petitioner contends that the Superior Court stayed
the AEDPA's one-year limitations period, and therefore, this
Court should honor that stay and equitably toll the limitations
period.  (D.I. 3, Appendix A.)  For the following reasons, the
Court concludes that neither of these arguments warrant equitable
tolling.

     The Third Circuit has held that an attorney's ineffective
assistance may warrant equitable tolling, but only if the
attorney's conduct is sufficiently egregious and the petitioner

7

exercised reasonable diligence in pursuing his claims.  <u>See</u>
<u>Schlueter</u>, 384 F.3d at 77.  Here, Petitioner's conclusory and
unsupported statement regarding counsel's alleged failure to help
him obtain the trial transcripts does not appear to constitute
the type of "egregious behavior" or malfeasance necessary to
trigger equitable tolling.  Nevertheless, regardless of counsel's
actions, the Superior Court provided Petitioner with copies of
the trial transcripts in March 2003, when there were
approximately 6 months remaining in the AEDPA's limitations
period.  (D.I. 3, Del. Super. Ct. Crim, Dkt. at Item 46; D.I. 3,
at 13.)  That six month period gave Petitioner sufficient time to
file a Rule 61 motion in the Superior Court which, in turn, would
have statutorily tolled the AEDPA's limitations period under §
2244(d)(2).  Petitioner, however, did not file his Rule 61 motion
until September 2004, more than one year after he received the
trial transcripts, and he does not assert any reason for that
delay.  Therefore, the Court concludes that the delay in
receiving trial transcripts, even if somehow due to counsel's
performance, does not trigger the equitable tolling doctrine
because Petitioner did not exercise the requisite diligence in
preserving his claims.

    Additionally, Petitioner argues that the limitations should
be equitably tolled because he believed the Superior Court
granted his "Motion To Stay The One-Year Deadline Imposed By The

Federal Habeas Corpus Act." (D.I. 25, at pp. 1-2, 5.) However, the Delaware Superior Court did not have jurisdiction to grant a motion to stay a federal limitations period governing a federal cause of action, and Petitioner's mistaken belief with respect to the Superior Court's authority does not warrant equitable tolling. See Del. Const. art. 4, §7 (jurisdiction of Superior Court); LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Moreover, the Superior Court clearly construed Petitioner's motion for a stay as an extension of time to file a Rule 61 motion, and denied that request. There is no indication that any court or party actively misled Petitioner with incorrect information regarding the proper forum for filing a motion for a stay, and this situation is not akin to one where the petitioner "timely asserted his rights in the wrong forum."⁴ Thus, the Court concludes that Petitioner's specious

_____

⁴In February 2003, Petitioner had not yet filed a federal habeas petition, and he also had not yet exhausted state remedies. Therefore, even if Petitioner had filed a motion to stay the limitations period in this Court in February 2003, the request to stay the limitations period would have been premature.

9

argument fails to warrant equitable tolling.  Accordingly, the
Court will dismiss the Petition as time-barred.

### III.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254
petition, the court must also decide whether to issue a
certificate of appealability.  See Third Circuit Local Appellate
Rule 22.2.  A certificate of appealability is appropriate when a
petitioner makes a "substantial showing of the denial of a
constitutional right" by demonstrating "that reasonable jurists
would find the district court's assessment of the constitutional
claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  Slack v.
McDaniel, 529 U.S. 473, 484 (2000).  If a federal court denies a
habeas petition on procedural grounds without reaching the
underlying constitutional claims, the court is not required to
issue a certificate of appealability unless the petitioner
demonstrates that jurists of reason would find it debatable: (1)
whether the petition states a valid claim of the denial of a
constitutional right; and (2) whether the court was correct in
its procedural ruling.  Id.

The Court has concluded that Petitioner's Application For A
Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-
barred.  The Court is persuaded that reasonable jurists would not
find this conclusion to be debatable, and therefore, the Court
declines to issue a certificate of appealability.

**IV.   CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 2.)

An appropriate Order will be entered.