IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEVEARL L. BACON )
 )
   Petitioner )
 )
v. )
 ) Civil Action No. 06-519-JJF
 )
WARDEN CARROLL, Etc )
 )
   Respondents. )
 )
 )

(1) EN BANC REHEARING
---

PETITIONER FILES A MOTION
FOR RECONSIDERATION



RD scanned

Dated: September 26, 2007

---

(1) Opinion Received September 24, 2007

PREVENT MANIFEST INJUSTICE ERRONEOUS INTERPRETATION OF THE LAW AND FACTS

1. Petitioner prays this Court reconsider dismissed Habeas Corpus and assert the following in support of a rehearing:

In order to succeed on Motion for Reconsideration, the moving part must demonstrate one of the following:

(1) an intervening change in the controlling law;
(2) the availability of new evidence that was not available when the court issued its order; or
(3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)

The District Court, Respectfully, overlooked "the need to correct a clear error of law or fact to prevent manifest injustice":

A. ONE-YEAR STATUTE OF LIMITATIONS/STATUTORY TOLLING

The Court held (in Opinion dated Sep. 17, 2007): "Petitioner does not allege, nor can the Court discern, any facts triggering the application of § 2244(d)(1)(B)(C) or (D)" at 4.

Petitioner prays this Court to reconsider, and assert:

"Due to the 'circumstances'; and Egregious Attorney Misconduct constituted an Extraordinary Circumstances warranting Equitable Tolling" (Opening Memorandum at pg. 13). "Petitioner's limitation under 2244 d(1)(A) was stayed at Delaware Superior Court

"Level: This stay claim is clearly foreclosed"... (Reply To States Response At pg. 2) Thomas v. Carroll, 2004 WL 758344 at 3."

"Petitioner's assertions are unique an a exception from any other case." (Reply at 2)

The District Court errored and not applying "Exception Standard" to AEDPA's One-Year Period of Liminiation: "Petitioner' Stay of Habeas Corpus allows 2244 (d)(1) and (2) standards to be met with Expedited One-Year Deadline not denied.

The Superior Court recognized Petitioner's Expedited Motion (Appendix to Habeas Corpus Page 14) Request (Appen. pgs. 3-8); (Appen. A, 3-8) and thus so did This Court (At Opinion 9). The Del. Super. Ct. ruled it as an extension of Post-Conviction, however, that's not what Petitioner filed it as, "So if anyone 'miscalculated' Petitioner's Stay One-Year Habeas Deadline it has to be The Court" (Respectfully).

If The Stay Habeas Corpus Motion Issue is not Ruled Apon then the Superior Court ruling on This Issue becomes misleading "the Court's language misled him as to the legal effect"... Drake v. Carroll, 2005 WL 135 3344 (D. Del). "This Unique Exception Issue" should have been Ruled on Because "Of the Serious Nature Involved Along with Omitted Cites and Constitutional Violations Asserted in Expedited Motion"; "to avoid this unfairness and consistent with the -- practices of assisting Pro-Se Petitioners; Walker v. Carroll 2003 WL 170 0379 (D. Del) at 4.

Stay Claim should have been Ruled Upon So that Petitioner "Could Exhaust" the Stay Claim in Appellent Remedies; Whether Denied, "Construed" (District Court Opinion at 9 (which Superior Court should have Stated)) As An of Rule 61, And Whether it was..."And Petitioner's "mistaken belief with Respect to the Superior Court's Authority" (US. "Dis. Ct. Opinion at 9 ②), the Stay of Habeas One-Year Limitation Issue Should Have Been Denied or Granted. A Reasonable Jury Would "Review" the Stay/Expedited Motion (or The Court) As it is, the Grounds Raised in Appendix A, 3-8 Are Clearly Grounds on Habeas Deadlines And Issues.

"Law Unacknowledged goes under the Name of Chance: perceived, but not understood, it becomes Necessity." (Respectfully)

The Stay/Expedited Motion Is A Constitutional Claims of 6th And 14th US Const. Amend. Right Issues, District Court was Erroneous On Its Interpretation of The Law And Facts. Petitioner Prays Reconsideration to prevent Manifest Injustice.

B. EQUITABLE TOLLING

The District Court Held (Opinion At 8)..."unsupported Statement Regarding Counsel's Alleged failure to help him obtain the trial transcripts does not appear to constitute the type of 'egregious behavior' or malfeasance necessary to trigger equitable tolling."

Petitioner Prays This Court To Reconsider And Assert:

"The District Court's Clear Error of Fact": is that Petitioner used Due Deligence to obtain Trial Transcripts (which was also demonstrated in Petitioner 1983 Claim Bacon v. Hillis CA. No. 04-841-JJF) from the moment of receiving Denied Direct Appeal from Trial Counsel.

(A) Petitioner used "Long Standing Guardian/Custodian System" used between Inmates and Public Defender's Office, (Appen. A-7) in Sep., and Nov. of 2002, and finally Feb. 2003 (See Appen A-7); (B) Petitioner also wrote Office of Disciplinary Counsel (Appen. A-76) in September 2002 and O.D.C.'s Ms. Mary Susan Much contacted Trial Counsel on Sep. 26, 2002 (Appen. A, 76-77). (C) Petitioner demonstrated Due Deligence of Outside Remedies and Agencies to Obtain Trial Transcripts., After these Exhaustions Trial Counsel "Still" didn't Act Within A Reasonable Scope of His Professional Duties[3] to Notify or Inform Petitioner on how to obtain Trial Transcript, "Over A Period of 9 Months!" Petitioner Asserted to Trial Counsel (along with O.D.C.'s Ms. Much); That Transcripts "were necessary for Petitioner to Proceed with Post-Conviction Remedies which are Guaranteed by Both Delaware and U.S. Constitutions."

Trial Counsel's Misleading and Lack of Advice, Failure to Disclose, and Egregious Misconduct; Triggered An Extraodinary Circumstance Warranting Equitable Tolling of 28 USCA § 2244 (d)(1) (B)(C) and (d)(2); 28 USC § 2254 (d)(1)-(2), (E)(2)(i)-(iii) and (2) (B)., After 9 months Trial Counsel Notifys O.D.C.'s Ms. Mary Susan Much that: "Petitioner received Trial Transcripts, However, Never

---

[3] Trial Counsel had T.T. Since Direct Appeal (T. Transcripts) Oct. "01"

between these 7 months made "Any contact" with Petitioner (Appen. A-99)

The Superior Court's and Trial Counsel's Extraodinary Circumstances caused a "Domino Effect": Petitioner would not be arguing AEDPA's deadlines issues had it not been for these Extraodinary Circumstances; had "None" of these Extraodinary Circumstances Occured" the Probability and Outcome would had been different which caused Prejudice to Petitioner Sufficient to Undermine Confidence in Outcome of His Review on The Six Grounds Raised. 6th and 14th US. Const. Amend.

The District Court prayed correct this "Clear Error of Law and Fact to prevent this Manifest Injustice."

With these Extraodinary Circumstances and Stay of Habeas Corpus "Expedited" Petitioner <u>Correctly Used The Next Remedies Available</u> and Filed Post-Conviction Appeal September 2004. The Deadline to File <u>The Next Available Remedy</u> was Not up "Nor" was Petitioner denied Stay of Habeas Corpus One-Year Deadline Extension.

### C. <u>DISTRICT COURT ERRORED ON THE LAW</u>

Petitioner asserted in Reply at page 7:

" Petitioner should have received Trial Transcripts
" around about the time He received Notice of Affirmed
" direct Appeal from Trial Counsel (Appen. A, 61-65). Petitioner
" had (and has) a Right to gain Meaningful Review of all

5.

" proceedings leading to judgement of conviction "
" Griffin v. Illinois, 351 US. 12 (1956), 'As well
as an open inquiry into intrinsic fairness of
those proceedings.' Carter v. Illinois, 329 US. 173,
175 (1946). "

However, District Court held at pg. 8 (Opinion): "That Six month period gave Petitioner Sufficient time to file a Rule 61 motion in the Superior Court which, in turn, would have statutorily tolled the AEDPA's limitations period under § 2244(d)(2)"; Have anyone ever been housed in D.C.C.'s M.H.U. Building? (Max or Med. Security); Where Inmates get 1 hour visit (of sometimes twice a week) too go to Law Library and or order legal documents that takes up to 4-5 days to receive, and Petitioner didn't have the chance to go every week; Legal Mail or Regular not making it to Inmates Timely; Petitioner also asserts receiving outside aid typing and Re-Mailing Post-Conviction Documents to Outside Aid, "Is The Weight Of The Court's Opinion— Placed on The Angel's Scale- Balanced Towards "Sufficient" or I ask does These Extraodinary Circumstances "Totaled" Over-Reach " Intrinsic Fairness. "

<u>Actuall Innocents</u>

2. Petitioner prays This Court Review The Six Grounds Raised In This Writ Under Actuall Innocent, "A Federal Habeas Court may grant the Writ even in the Absence of a Showing of cause for the procedural default." Murray v. Caries, 106 S. Ct. 2639, 2649 (1986).

The Total of "Pre-Trial and Trial" Extraordinary Circumstances

of the Constitutional Violations Resulted In Petitioner's Convition of Crimes Which Petitioner is Actually Innocent. Petitioner Prays A Review Under The Actuall Innocents.

### CONCLUISON

WHEREFORE, For The Reasons Set Forth In This Motion Petitioner Prays that This Court Reconsider A Review of Six Grounds Raised In Habeas Corpus.

Dated: September 26, 2007

Deveare L. Bacon
D.C.C.
Smyrna, Del. 19977

7

## Certificate of Service

I, __Devearl L. Bacon__, hereby certify that I have served a true and correct cop(ies) of the attached: __Motion To Reconsideration__ _____ upon the following parties/person (s):

TO: Elizabeth R. McFarlan
Deputy Attorney General
820 N. French St.
Wilmington, Del.
19801

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this __26__ day of __September__, 2007.

