IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DEVEARL L. BACON,           :
                            :
        Petitioner,         :
                            :
v.                          :     Civil Action No. 06-519-JJF
                            :
THOMAS CARROLL, Warden, and :
JOSEPH R. BIDEN, III,       :
Attorney General of the State :
of Delaware,                :
                            :
        Respondents.        :

**O R D E R**

Petitioner Devearl L. Bacon's "Motion for Reconsideration" will be denied. A motion for reconsideration should be granted to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided.

Brambles USA Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D.Del. 1990).

On September 17, 2007, the Court dismissed Petitioner's federal habeas application as time-barred. (D.I. 29; D.I. 30.) In his Motion for Reconsideration, Petitioner contends the Court erred in denying his application as time-barred because: (1) the Delaware Superior Court stayed the federal limitations period for habeas application; and (2) his attorney's ineffective assistance justifies tolling the limitations period on equitable grounds. However, Petitioner raised these same arguments in his habeas application, and the Court rejected the arguments as meritless. Therefore, neither of these arguments warrant reconsideration of the Court's decision.

Petitioner also contends that the Court should excuse his untimely filing of his application because he is actually innocent. As an initial matter, the Court notes that the Court of Appeals for the Third Circuit has not yet determined whether a credible claim of actual innocence can equitably toll the AEDPA's limitations period. See, e.g., Horning v. Lavan, 197 Fed. Appx. 90, 2006 WL 2805608, at *4 (3d Cir. Oct. 2, 2006). Additionally, even if a petitioner's actual innocence could warrant equitable tolling, tolling is not justified in this case because Petitioner has failed to provide new reliable evidence of his actual innocence. See Schlup v. Delo, 513 U.S. 298, 324 (1995);

<u>Hubbard v. Pinchak</u>, 378 F.3d 333, 339 (3d Cir. 2004)(explaining that, to be credible, a petitioner asserting actual innocence must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition). Finally, to the extent Petitioner suggests that the Court committed a clear error of law, the Court is unpersuaded.

Now Therefore, It Is Hereby Ordered that Petitioner's Motion For Reconsideration (D.I. 31) is **DENIED**.

October 30, 2007
DATE

*Joseph J. Farnan Jr.*
UNITED STATES DISTRICT JUDGE

3